**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**Cr. No. 25-20558**
**HONORABLE LINDA V. PARKER**

**CARLOS RENARD HARRIS,**

Defendant.

_______________________________________/

**DEFENDANT'S MOTION FOR RELEASE FROM DETENTION**

Defendant Carlos Renard Harris, through counsel, respectfully moves this Court for release from detention pursuant to 18 U.S.C. § § 3145(b) and 3142, and states:

1) On July 23, 2025, a federal criminal Indictment was filed naming Carlos Renard Harris and charging the harm to a service animal used in law enforcement in violation of 18 U.S.C. §1368(a) (ECF R. 1)

2) On January 9, 2026, a detention hearing was held, and he was ordered detained. (ECF R. 14)[1]

[1] Mr. Harris had been in custody since his initial arrest in July 2025 during the incident that gave rise to the instant federal charges. He was released from state custody and reported to his state probation officer when

3) On March 23, 2026, Mr. Harris filed a motion to dismiss the Indictment for lack of federal jurisdiction. (ECF 22). On May 14, 2026, this Court issued it's order denying that motion. (ECF 31)
4) Since his initial detention hearing, the circumstances that supported his initial detention have changed such that there are conditions that can be set to alleviate any concerns of risk of flight and non–appearance that were the basis of the previous order of detention.
5) Undersigned counsel sought concurrence in this request. The government does not concur in this request.

Wherefore, Mr. Harris requests that this Court review and revoke the prior detention order and issue an order of release on bond with conditions.

Respectfully Submitted,

FEDERAL COMMUNITY DEFENDER OFFICE
Attorney for Mr. Carlos Harris

*/s/ Rhonda Brazile*
613 Abbott, Ste. 500
Detroit, MI 48226
Phone: (313) 967-5850
E-mail: Rhonda_Brazile@fd.org

Dated: July 14, 2026

---

he was informed that there was a federal warrant for his release. He had been in the community for less than 4 days upon his federal arrest.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Cr. No. 25-20460**
**HONORABLE LINDA V. PARKER**

**CARLOS RENARD HARRIS,**

**Defendant.**
______________________________________/

**BRIEF IN SUPPORT OF**
**MOTION TO REVOKE ORDER OF DETENTION**

On June 9, 2025, a detention hearing was held upon the government's motion alleging that Mr. Harris was a flight risk. At the conclusion of the hearing, the magistrate judge concluded that no condition or combination of conditions would reasonably assure Mr. Harris's appearance in court or the safety of the community. ECF No. 14, PageID 58. The magistrate judge based his decision on the nature of the offense, considering the weight of the evidence against Mr. Harris to be 'strong', and finding that his prior criminal history, the lengthy period of incarceration he faced if convicted, prior violations of parole, probation, or supervised release or prior failure to appear in court as ordered, and being on supervision of a court while engaging in criminal activity, warranted detention.

However, further review of the record relied upon by the magistrate judge reveals that there were erroneous findings to support the order of detention. Furthermore, since the time of the detention hearing, there have been dire circumstances surrounding his children that warrant reconsideration of the detention order. Mr. Harris believes there are conditions that can be set that would allow his release on a conditional bond for the following reasons.

## I. FINDINGS BY THE MAGISTRATE TO SUPPORT DETENTION

In the detention order, the Magistrate finds that Mr. Harris was "subject to lengthy period of incarceration if convicted". (ECF 14 PageID 60) Actually, Mr. Harris anticipates a guideline range of 6 – 12 months[2]. The Magistrate ultimately found that Mr. Harris posed a serious risk of flight given his history of fleeing and eluding. However, his extraordinarily deep roots in this community strongly militate against any risk of flight:

1. **Lifelong Resident**: Mr. Harris, age 34, has lived his entire life in Ypsilanti, Michigan, demonstrating nearly four decades of continuous community presence.

---

[2] With respect to the guideline calculation, because there is no expressly promulgated guideline for a conviction under 18 U.S.C. § 1368(a), U.S.S.G. § 2X5.1 directs the Court to apply the most analogous offense guideline. The Statutory Index does not identify a specific guideline for § 1368(a). However, U.S.S.G. § 2B1.1 applies to several related offenses within Chapter 65 of Title 18—specifically 18 U.S.C. §§ 1361– 1366 and 1369—which are closely analogous to the instant offense. Accordingly, § 2B1.1 appears to be the most appropriate guideline.

Under § 2B1.1, the base offense level is 6. After a two-level reduction for acceptance of responsibility, the total offense level would be 4. With a criminal history category of VI, the resulting advisory guideline range is 6–12 months. If Mr. Harris proceeds to trial and is convicted, the anticipated guideline range would be 12–18 months.

2. **Stable Housing**: He has resided with his fiance' at the same address for two years, providing residential stability.

3. **Extensive Family Responsibilities**: Mr. Harris maintains strong bonds with:

    - Four children (ages 8, 6, 3 and 5 months) who all reside within the district

    - A committed relationship with Kameko Vesey, their mother, since 2021.

    - His teenage daughter, Marrae age 14 years old, whose mother died in November 2025. Mr. Harris was helping to care for her mother up until her death. He had been incarcerated and returned to care for his daughter before he was arrested on this instant offense.

    - ******EMERGENCY CIRCUMSTANCES****:**

      **Mr. Harris' 14 year old daughter has been struggling without his support. While she was residing with her grandmother with her older half-sister (21 years old), the two no longer reside with the grandmother. Marrae's whereabouts are unknown as she is bouncing from house to house with her half-sister (who has been appointed legal guardian to Marrae). Exhibit B.**

      **His fiance' who gave birth to their youngest child during Mr. Harris' incarceration is the sole support for their 4 minor children. She is experiencing health problems, specifically Chronic Urticaria (hives), that causes severe swelling, specifically in her eyes, mouth, and throat, that has forced her to seek emergency treatment. See Exhibit A.**

      **She is currently receiving injections to manage her condition. She has no other family support to care for the children if she becomes incapacitated.**

4. **Employment History**: Mr. Harris was seeking gainful employment through the Ford Motor Company before his incarceration. Exh C.

While his employment has been disrupted due to his incarceration, he has maintained ties to the community that provide opportunities to become re-employed quickly.

5. **No Flight Risk Indicators**: Significantly, in addition to strong ties to the community, Mr. Harris:
    - Has no passport or enhanced ID
    - Has never traveled internationally
    - Has no resources or connections outside this district
    - Strong family ties and responsibilities

## II. PROPOSED CONDITIONS WILL ENSURE APPEARANCE AND COMMUNITY SAFETY

While acknowledging the Court's concerns, the following comprehensive conditions will adequately address any risks:

### A. Supervision Conditions:

- Pretrial supervision with regular reporting
- Third-party custody with Ms. Kameko Vesey, who has expressed willingness to serve
- Home detention with electronic monitoring
- Curfew restrictions

### B. Substance Abuse Conditions:

- Random drug testing
- Substance abuse assessment and treatment
- Prohibition on alcohol and controlled substances

**C. Additional Restrictive Conditions:**

- No firearms
- Travel restricted to Eastern District of Michigan
- Employment verification requirements

**III. ADDRESSING THE § 3142(g) FACTORS**

**A. Nature and Circumstances of Offense**: While the charges are serious, the nature of the alleged offense can be addressed through appropriate conditions.

**B. Weight of Evidence**: Closer scrutiny of the guidelines of the instant offense shows that his guideline range, should he plea, is 6 – 12 months. Mr. Harris has been incarcerated since last July due to the conduct that gave rise to this instant offense. After serving state time for the violation of his probation (he has no outstanding probation violation), he voluntarily surrendered to face the instant charges. He has been in custody since January 2026. The court has set a pretrial conference for August 6, 2026, resulting in his serving over the bottom of the guideline range in pretrial detention.

**C. History and Characteristics**: Mr. Harris's prior record largely consists of offenses related to his past substance abuse issues, candidly acknowledged, which can be directly addressed through treatment conditions.

D. **Danger to Community**: The proposed conditions, particularly home detention with electronic monitoring and firearm restrictions, will protect community safety.

## IV. LESS RESTRICTIVE ALTERNATIVES EXIST

Detention should be the exception, not the rule. The combination of Mr. Harris's profound community ties—particularly his children who depend on his financial and parental support, including his teenage daughter who is essentially homeless—and the comprehensive conditions proposed provide reasonable assurance of appearance and community safety.

## V. CONCLUSION

Mr. Harris's has been incarcerated for over 6 months, which constitutes the bottom of the anticipated advisory guideline range in this case. To his credit he has stable housing, extensive family connections, and can procure stable employment demonstrating that he is not a flight risk. The proposed conditions directly address the Court's legitimate concerns while allowing him to tend to family circumstances that desperately need his attention.

**WHEREFORE**, Defendant respectfully requests this Court review the previous order of detention and grant release under the proposed conditions or such other conditions as the Court deems appropriate.

Respectfully Submitted,
FEDERAL COMMUNITY DEFENDER OFFICE
Attorney for Mr. Carlos Harris, Jr.

/s/ Rhonda Brazile
613 Abbott, Ste. 500
Detroit, MI 48226
Phone: (313) 967-5850
E-mail: Rhonda_Brazile@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to all counsel of record.

Dated: July 14, 2026